UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VANCE LUTZ,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA,<br><br>　　　　　　　　　　Defendant. | Case No. 3:25-cv-00423-MMD-CLB<br><br>ORDER |

On August 18, 2025, the Court denied Plaintiff Vance Lutz's incomplete application to proceed *in forma pauperis* ("IFP") without prejudice and directed him to do two things by October 17, 2025: (1) file a fully complete IFP application (or pay the filing fee), and (2) file the appropriate pleading for the type of action he is trying to bring (e.g., civil rights complaint under 42 U.S.C. § 1983, habeas corpus petition under 28 U.S.C. § 2254 or § 2241, or a motion collaterally attacking a federal sentence under 28 U.S.C. § 2255). (ECF No. 3.) The Court warned Lutz that the action could be dismissed if he failed to timely comply. (*Id.* at 2.) The deadline expired, and Lutz did not address the filing fee, submit a pleading, or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's

interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Lutz's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by a court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until Lutz addresses the matter of the filing fee and submits a pleading, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice

based on Lutz's failure to address the matter of the filing fee and submit a pleading in compliance with the Court's August 18, 2025 order. The Clerk of Court is kindly directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Lutz wishes to pursue his claims, he must address the filing fee and submit a pleading in a new case.

DATED THIS 28th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE